Timothy Wedeen, Esq.
Wedeen & Kavanagh
Attorneys for plaintiff
35 West Hudson Avenue
Englewood, NJ   07631
(646) 963-6808

| | |
|---|---|
| SOFTWARE FOR MOVING, INC., ) | |
| A New York Corporation, ) | |
| ) | |
| Plaintiff, ) | UNITED STATES |
| ) | DISTRICT COURT |
| vs. ) | NEW JERSEY DISTRICT |
| ) | |
| YURI FRID OZ MOVING AND ) | |
| STORAGE, INC., a New York Corporation, ) | JURY DEMANDED BY |
| MEN ON THE MOVE SELF STORAGE ) | PLAINTIFF |
| CENTER INC., a New York Corporation, ) | |
| "XYZ" CORP." 1 – 1000 "JOHN DOE" ) | Case 2:08-cv-04968-WJM-MF |
| AND "JANE DOE" 1-1000, ) | |
| ) | AMENDED COMPLAINT |
| Defendants. ) | |

### COMPLAINT AT LAW

Plaintiff SOFTWARE FOR MOVING, INC., a New York Corporation (hereafter "SFM") by and through its attorneys, WEDEEN & KAVANAGH, for its Complaint against YURI FRID, OZ MOVING AND STORAGE, INC., MEN ON THE MOVE SELF STORAGE CENTER INC., and "XYZ" CORPORATION 1 through 1000 and "John" and "Jane Doe" 1 through 1000, states as follows:

### JURISDICTION

1.      This Court has jurisdiction over the copyright claims asserted in this action pursuant to 28 U.S.C.A. §1338(a) and 28 U.S.C.A. §1331 and supplemental jurisdiction over all related claims pursuant to 28 U.S.C.A. §1367(a).

### VENUE

2. Venue is established pursuant to 28 U.S.C.A. §1400 (a) where the some of the Defendants are located and also the place where the initial infringement occurred.

## THE PARTIES

3. SFM is a New York based corporation in the business of developing and licensing software for moving companies. It is the successor in interest to Safeguard Computer Services, Inc.

4. Upon information and belief Yuri Frid is a natural person who transacts business in the State of New Jersey, County of Hudson and is the copyright holder of a program named E-Mover ("Frid").

5. Upon information and belief Defendant Oz Moving & Storage, Inc. is a New York Corporation.

6. Upon information and belief Defendant Men On the Move Inc. ("Men On the Move") is a New York Corporation.

7. Upon information and belief "XYZ" Corporations 1 through 1000 are individual business illegally using, copying and/or distributing copyrighted software developed and licensed by Plaintiff.

8. Upon information and belief "John" and "Jane Doe" 1 through 1000 are individuals illegally using, copying and/or distributing copyrighted software developed and licensed by Plaintiff.

## RELATIONSHIP BETWEEN THE PARTIES

9. Frid was the owner of a small moving company North Star Moving, Inc., located in Brooklyn, New York.

10. North Star was in a small company with approximately two trucks that handled small moving jobs in and around the New Jersey/New York City area.

11. Frid created a basic moving software program ("North Star program"), to assist with his business North Star.

12. After writing the North Star program, Frid sold North Star, and attempted to go into the software business by marketing the North Star program to various moving companies in and around the New Jersey/New York City metropolitan area.

13. Frid was provided access to a copy of Plaintiff's program by a defunct entity, upon information and belief, named "Nice Mover" which had Moving Manager with an expired license. Using the illegal "Nice Mover" copy of Moving Manager, Frid reverse engineered and created the initial copy of his program "E-Mover" ("E-Mover I").

14. Several of the moving companies (Defendants Oz and Men On the Move) solicited by Frid to purchase the E-Mover I program, declined to purchase or license the program, advising Frid that the North Star program was not sufficient to meet their various needs, which included large multi-jurisdictional moves and commercial moving.

15. The Defendants Oz and Men On the Move were in possession of copies of Plaintiff's program Moving Manager, either illegal copies or pursuant to expired licenses.

17. The Oz and Men On the Move defendants advised Frid that if he could incorporate specific features of Moving Manager into a new program, that they would become his customers.

18. The Oz and Men on the Move defendants gave Frid unfettered access to the pirated or unlicensed copies of Moving Manager, over a period of time.

19. During this time, Frid further modified E-Mover I, by additional reverse engineering the aforesaid illegal and/or unlicensed copies of moving manager.

20. This reverse engineering included copying Moving Manager's layouts, report generation routines, directly copying large portions of Moving Manager's code, using the functionality, field size design, transferred data form, numbering system subroutines and algorithms. This blatant copying included some errors in the Moving Manager code which appear within the code of the latter version of E-Mover ("E-Mover II").

21. Large portions of Defendant Frid's software E-Mover II are mirror images of Plaintiffs' software including functionality, field size design, transferred data form, numbering system, reports generated and even includes errors from the Plaintiffs' software.

22. Yuri Frid obtained a copyright for E-Mover I, including, but not limited to, TX0005114455 / 1999-12-28, which was supplemented by TX0005187470 / 2000-08-29.

23. Yuri Frid has continued to sell and license E-Mover II through the date of this Complaint.

24. Plaintiff has been severely damaged as a result of named Defendant's copyright infringement and piracy.

25. Named Defendants illegally received, purchased and utilized Plaintiffs' software without acknowledging Plaintiffs copyright or paying to license the software from Plaintiff.

### COUNT ONE

## COPYRIGHT INFRINGEMENT

26.     Pursuant to 17 U.S.C.A. §504, SFM is entitled to its losses from the infringement on its software and the profits earned by named Defendants, which are attributable to the illegal copying, distribution and sale of SFM's copyrighted software products.

27.     Pursuant to 17 U.S.C.A. §412, 504 and 505  SFM is entitled to reasonable attorney's fees and it's full costs in prosecuting this action as well as statutory damages.

28.     Accordingly Plaintiff demands judgment against the named Defendants for copyright infringement, including statutory penalties, earned profits and attorney fees.

## COUNT TWO

## UNJUST ENRICHMENT

29.     Plaintiff repeats and re-alleges the foregoing as if set forth fully herein.

30.     The actions of the named Defendants led to the unjust enrichment of the Defendants, to the detriment of Plaintiff.

31. Accordingly, Plaintiff demands judgment against the named Defendants for unjust enrichment.

WHEREFORE, it is respectfully requested that this Court grant Plaintiff judgment as prayed for in the complaint, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated:      Englewood, New Jersey
            January 29, 2009            Yours, etc.


                                        s/ Timothy Wedeen
                                        Timothy Wedeen (TW-4650)